# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2021

Lyle W. Cayce
Clerk

No. 19-40598

United States of America,

*Plaintiff—Appellee*,

*versus*

Moses Soto,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1335

Before Stewart, Costa, and Willett, *Circuit Judges*.

Per Curiam:[*]

After pleading guilty to conspiracy to possess methamphetamine with intent to distribute, Moses Soto was sentenced to 188 months' imprisonment and 5 years' supervised release. He appeals the special condition of supervised release requiring him to participate in a mental health treatment program. Because he did not challenge the condition in the district court, our

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

review is for plain error. *United States v. Bree*, 927 F.3d 856, 859 (5th Cir. 2019). To succeed on plain-error review, Soto must show (1) that the district court made an error, (2) that is clear and obvious, and (3) that affected his substantial rights. *United States v. Avalos-Sanchez*, 975 F.3d 436, 439 (5th Cir. 2020). Even if he meets all three requirements, we have "discretion to correct the error and will do so only if 'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* at 439–40 (quoting *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001)).

District courts have "broad discretion to impose special conditions of supervised release." *United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018). The conditions must be "reasonably related" to at least one of the following statutory sentencing factors from 18 U.S.C. § 3553: (1) the nature and characteristics of the offense and the history and characteristics of the defendant; (2) the deterrence of criminal conduct; (3) the protection of the public from further crimes of the defendant; and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant. *Id.*; 18 U.S.C. § 3583(d)(1). Further, the conditions must involve "no greater deprivation of liberty than is reasonably necessary" to further the last three of those factors. 18 U.S.C. § 3583(d)(2). Finally, the conditions must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3).

The district court must state its reasons for imposing a particular sentence, including any special conditions of supervised release. *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016). However, where, as here, the district court failed to do so, we can affirm as long as we can infer the reasoning from the record. *Id.*

Whether a special condition has been properly imposed is a fact-specific inquiry. *See United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir.

2015) ("[S]pecial conditions must be tailored to the individual defendant."). In reviewing mental health treatment conditions, we look for "record evidence indicating that [the defendant] has a questionable mental health history or a particular diagnosis requiring mental health treatment." *Gordon*, 838 F.3d at 604. By itself, a defendant's childhood trauma does not justify a mental health treatment condition. *Alvarez*, 880 F.3d at 241. Nor do remote or isolated mental health incidents. *See Bree*, 927 F.3d at 861 (suicide attempt from 40 years before does not justify a mental health treatment condition); *United States v. Garrido*, 751 App'x 479, 482 (5th Cir. 2018) (self-reported mild depression and behavioral issues as a child do not justify a mental health treatment condition).

But here, the record indicates that Soto suffered from childhood trauma *and* that he experienced a mental health episode as an adult. The presentence investigation report ("PSR") explains that Soto was subjected to severe physical and sexual abuse as a child. It also details Soto's running away from home at 11, living on the streets and in a shelter, his mother's not wanting him when authorities tried to return him, and his father then abusing him, which continued another cycle of running away and living on the streets. The PSR also explains that Soto suffered from suicidal thoughts as a 33-year-old. Standing alone, neither Soto's childhood nor his one-time suicidal ideation would support the mental health treatment condition. We need not decide, however, whether they support the condition when taken together. Even if the district court erred in imposing the condition, the error was not clear or obvious given the combination of extensive childhood abuse and fairly recent suicidal thoughts and the lack of caselaw addressing a like situation. Soto has thus failed to show plain error.

AFFIRMED.