# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2022

Lyle W. Cayce
Clerk

No. 21-40836
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CRUZ DENAZARETH REY, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:19-CR-668-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.
PER CURIAM:*

Cruz Denazareth Rey, Jr., pleaded guilty to possessing, with the intent to distribute, more than 50 grams of methamphetamine. On appeal, Rey challenges the district court's failure to sua sponte order a second competency hearing or otherwise inquire further as to his competency.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40836

Because Rey's arguments are unavailing under the abuse of discretion review generally applicable in cases challenging a district court's failure to order a competency hearing, *see United States v. Flores-Martinez*, 677 F.3d 699, 706 (5th Cir. 2012), we decline to decide whether the stricter plain error standard of review is applicable in light of Rey's failure to make a competency objection at his rearraignment hearing and failure to move to withdraw his plea, *see United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

A defendant has a procedural due process right to a hearing to determine his competency if the evidence before the district court raises a bona fide doubt about his competency. *See Pate v. Robinson*, 383 U.S. 375 (1966); *Flores-Martinez*, 677 F.3d at 705-06; *see also* 18 U.S.C. § 4241(a). In this case, the district court did not err by not ordering a second competency hearing, considering that the medical expert had opined that Rey was competent, the district court had conducted one competency hearing and found Rey competent, the record before the district court indicated that Rey's medication regimen had been stabilized, Rey and his counsel represented that Rey was competent at the rearraignment hearing, Rey provided lucid responses to the district court's questions at the competency and rearraignment proceedings and exhibited an understanding of those proceedings, and the district court found Rey competent to enter a plea. *See Reese v. Wainwright*, 600 F.2d 1085, 1092 (5th Cir. 1979); *see also United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013).

Relatedly, Rey contends that his guilty plea was not voluntary because his competency was still at issue and not fully determined by the district court. However, the record, as described above, reveals otherwise. Accordingly, there was no error, much less the plain error required here because Rey failed to lodge this objection concerning his plea in district court. *See United States v. Avalos-Sanchez*, 975 F.3d 436, 439, 443 (5th Cir. 2020). The judgment of the district court is AFFIRMED.

No. 21-40836

The Government has filed a motion to strike Rey's appendix—in which Rey sought to introduce new evidence before this court—and portions of his brief referring to that appendix. That motion is GRANTED. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 185 (5th Cir. 1988).