# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2023

Lyle W. Cayce
Clerk

No. 20-50497

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER ERNEST MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-219-2

Before KING, STEWART, and HAYNES, *Circuit Judges*.
PER CURIAM:*

Christopher Ernest Martinez pleaded guilty to aiding and abetting the production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2. On appeal, he asks the court to reverse his conviction, contending that the factual basis supporting his plea was insufficient. For the following reasons, we AFFIRM.

---

* This opinion is not designated for publication. See 5TH CIR. R. 47.5.

No. 20-50497

## I.

In September 2019, Martinez's wife—Kelsey Hubbard—sold her computer to a pawn shop. A pawn shop employee called the police after he discovered child pornography on Hubbard's computer. Officers arrested Hubbard and subsequently searched her phone.

In their search, officers discovered that Hubbard had taken explicit photos of her 16-month-old daughter on two relevant dates: June 5 and September 13. They also discovered a string of incriminating text messages between Hubbard and Martinez. For instance, on September 18, Martinez texted Hubbard three images of child pornography. Eight days later, on September 26, Martinez texted Hubbard asking her to please send him the pornographic images of her daughter "again." He then asked her to call him because he needed "those pics." Hubbard obliged, sending Martinez four explicit photos and a video of her daughter.[1] The images were the same ones that the officers had discovered in Hubbard's camera roll.

Upon her arrest, Hubbard admitted to the officers that Martinez had asked for the photos of her daughter so that he could use them sexually. Armed with the images, text messages, and Hubbard's admission, the officers arrested Martinez. Martinez confessed that he had instructed Hubbard to send the pictures and that he had sent additional images back to Hubbard. He also confessed that he had other images of child pornography on his phone. He was ultimately indicted on six counts.[2]

---

[1] The parties don't dispute the contents of the photos, which showed the child's exposed private regions.

[2] The six counts were aiding and abetting the production of child pornography on June 5, 2019, and September 13, 2019 (counts 1 and 2); distributing child pornography on September 18, 2019 (counts 5, 6, and 7); and receiving child pornography on September 26, 2019 (count 8).

No. 20-50497

After negotiations with the Government, Martinez pleaded guilty to two counts of aiding and abetting the production of child pornography and one distribution count. The district court conducted a hearing, at which Martinez confirmed that he wanted to plead guilty, testified that he understood the charges, and agreed that the written factual basis for his plea was true and correct. The court reviewed the charges, read the indictment, determined that there was a factual basis to support those charges, and subsequently accepted Martinez's guilty plea. After sentencing, Martinez timely appealed.

## II.

Martinez raises a sole issue on appeal—that the district court erred in accepting his guilty plea as to the aiding and abetting counts because the underlying factual basis was inadequate. Because Martinez did not challenge the factual basis before the district court, we review only for plain error. *United States v. Avalos-Sanchez*, 975 F.3d 436, 439 (5th Cir. 2020). Under this standard, Martinez must establish "(1) there [wa]s an error, (2) that [wa]s clear and obvious, and (3) that affect[ed] his substantial rights." *Id.* (quotation omitted). If Martinez satisfies those prongs, we have discretion to correct the error if we conclude that "the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 440 (quotation omitted).

Applying that standard, we must first determine whether the district court committed a clear or obvious error in accepting Martinez's guilty plea. In that regard, Martinez focuses on an alleged violation of Federal Rule of Criminal Procedure 11(b)(3). Under this rule, a district court cannot accept a guilty plea unless the court "is satisfied that there is a factual basis for the plea." *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008). An adequate factual basis exists when "the factual conduct admitted by the

defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea." *United States v. Nepal*, 894 F.3d 204, 208 (5th Cir. 2018) (emphasis omitted) (quotation omitted).

In evaluating compliance with Rule 11(b)(3), we compare "(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information." *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). In our review, we are not limited to the facts a defendant admitted during the plea colloquy; instead, we may consider the "entire record for facts supporting" the defendant's confession. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Furthermore, we may "draw any fair inferences from the evidence." *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Martinez challenges the sufficiency of his plea regarding the aiding and abetting count.[3] To establish this count, the Government was required to prove that Martinez associated with Hubbard's production of child pornography, purposefully participated in it, and sought to make Hubbard's "criminal venture" succeed. *See United States v. Vaden*, 912 F.2d 780, 783 (5th Cir. 1990). An aider and abettor is liable for criminal acts that are the "natural or probable consequence of the crime" that he counseled, commanded, or otherwise encouraged. *Id.* "Association" in this case would require some evidence that Martinez shared Hubbard's intent in producing child pornography. *See United States v. Murray*, 988 F.2d 518, 522 (5th Cir. 1993); *see also United States v. Peña*, 949 F.2d 751, 755 (5th Cir. 1991) (noting that the "essence of" aiding and abetting is a "community of unlawful

---

[3] A defendant is guilty of production of child pornography if he "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a).

intent" between the aider and abettor and the principal (quotation omitted)). "Participation" requires proof that Martinez "engaged in some affirmative conduct designed to aid the venture." *United States v. Martiarena*, 955 F.2d 363, 366 (5th Cir. 1992) (quotation omitted).

It is undisputed here that Hubbard produced child pornography. Martinez argues that evidence is lacking of his involvement at the time Hubbard produced the illicit images. Per Martinez, the record shows that Hubbard took the pornographic images on June 5 and September 13. But no facts directly confirm that Martinez was involved on those two *specific* dates. Thus, per Martinez, there's nothing in the factual basis establishing that he "engaged in" conduct "aid[ing] the venture" on the dates that Hubbard produced the pictures, and therefore he cannot as a matter of law be guilty of aider-and-abettor liability. *See id.* (quotation omitted).

Martinez cites nothing that supports the notion that he had to do something on the exact two days referenced to be an aider or abettor here. His argument also asks us to ignore other indicia in the record of his guilt. For instance, Martinez plainly admitted at the plea hearing to the correctness of the indictment which described his interaction with Hubbard "on or about" the relevant dates in "coerc[ing] a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." He admitted that he was guilty of that conduct. In doing so, he also affirmed that the facts included in the factual basis were "accurate, true and correct." These admissions support the district court's determination of his participation in the production of the illicit images on June 5 and September 13. *See United States v. Cooper*, 979 F.3d 1084, 1091 (5th Cir. 2020) (analyzing factual basis for plea when the defendant admitted that "the factual summary accurately state[d] what [he] did"), *cert. denied*, 141 S. Ct. 1715 (2021).

In assessing a plain error challenge, we can review the full record. *See Avalos-Sanchez*, 975 F.3d at 441 ("When we examine factual-basis sufficiency under plain-error review, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." (internal citation and quotation omitted)). Doing so here, other circumstantial evidence lends further support from which the district court could conclude Martinez participated. For instance, Hubbard and Martinez lived together at the time of the alleged production and regularly sent each other images of child pornography. Additionally, Martinez obviously knew the photos existed—otherwise he would not have known to ask Hubbard for them.

Even assuming, however, that Martinez has made a reasonable argument, at best for him, it is unclear under our precedents whether Martinez's admission and the corroborating circumstantial evidence is sufficient to support an aiding and abetting of child pornography charge. We recognize that there is a dearth of caselaw in our court and elsewhere on the scope of aiding-and-abetting-liability in the child pornography context. Moreover, it does not appear that our court has articulated a clear standard for what amount of evidence of advanced conduct is necessary for aider-and-abettor-liability to attach.

This lack of clarity is critical here—even if the district court erred, we cannot conclude that any error was plain. "An error is plain, in this context, if it is clear or obvious what the [G]overnment must prove to establish the offense, and, notwithstanding that clarity, the district court accept[ed] a defendant's guilty plea without an adequate factual basis." *United States v. Alvarado–Casas*, 715 F.3d 945, 951 (5th Cir. 2013) (internal quotation marks and citation omitted). Because it was not clear under our precedent what the Government was required to prove to establish the factual basis, we are left with one conclusion: any error by the district court was subject to reasonable

dispute. *See Alvarado–Casas*, 715 F.3d at 952–53 (concluding the district court's acceptance of the guilty plea did not constitute plain error when the challenge was subject to reasonable dispute). Therefore, there was no plain error.[4] *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Garcia-Gonzalez*, 714 F.3d 306, 318 (5th Cir. 2013) (concluding there was no plain error when "[b]oth parties acknowledge[d] that there is no precedent in [this] circuit, or any other circuit," answering the question at issue).

Accordingly, we hold that the district court did not err in accepting Martinez's plea.

AFFIRMED.

---

[4] Because we conclude there was no plain error, we do not address the remaining prongs of clear error review.