# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2024

Lyle W. Cayce
Clerk

———————

No. 24-40175
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Nathan Edward Lizcano,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CR-115-9

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Nathan Edward Lizcano pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). The district court sentenced Lizcano to 96 months of imprisonment and ordered the forfeiture of $12,500 pursuant to 21 U.S.C. § 853.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40175

On appeal, Lizcano argues that the factual basis was insufficient to support his guilty plea because it did not establish that he knew of the unlawful purpose of the conspiracy or that he willfully joined the conspiracy with the intent to further its unlawful purpose. Because he did not object to the sufficiency of the factual basis in the district court, we review for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). To prevail under this standard, he must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Avalos-Sanchez*, 975 F.3d 436, 439 (5th Cir. 2020). If he makes such a showing, we have the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 440 (internal quotation marks and citation omitted).

Federal Rule of Criminal Procedure 11(b)(3) "requires a district court taking a guilty plea to make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea." *Trejo*, 610 F.3d at 313 (emphasis omitted). "In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *Id.* "This includes the facts gleaned from the plea agreement and plea colloquy, the factual findings relied upon in the presentence report ("PSR"), as well as fairly drawn inferences from the evidence presented both post-plea and at the sentencing hearing." *Id.* at 317 (internal quotation marks and citation omitted).

"The essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the agreement." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc). A defendant's "voluntary participation may be inferred

from a collection of circumstances, and knowledge may be inferred from surrounding circumstances." *United States v. Willett*, 751 F.3d 335, 339 (5th Cir. 2014) (internal quotation marks and citation omitted).

In the instant case, the record in its entirety, including the PSR, the factual basis, the written elements of the offense, the change of plea hearing transcript, Lizcano's statements at sentencing, and "fairly drawn inferences from the evidence" show that Lizcano acted with knowledge that his conduct was unlawful and that he voluntarily participated in the conspiracy. *Trejo*, 610 F.3d at 317 (internal quotation marks and citation omitted). Therefore, the district court did not plainly err in finding a sufficient factual basis in support of Lizcano's guilty plea. *See id.* at 313.

Next, Lizcano argues that there was insufficient evidence to support the $12,500 forfeiture order because the plea agreement referenced in the Government's forfeiture motions was never finalized and he did not admit to possessing $12,500 in the factual basis. Where, as here, "a defendant fails to object despite being on notice of the forfeiture and having the opportunity to object, we review for plain error." *United States v. Omigie*, 977 F.3d 397, 403 (5th Cir. 2020) (internal quotation marks, brackets, and citation omitted).

The Comprehensive Forfeiture Act (CFA) provides that a defendant convicted of a crime, such as the one at issue here, shall forfeit "any property constituting, or derived from, [and] any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). The CFA is a broad statute designed to effectuate the forfeiture of any of the person's property used to commit a crime, not just the profits of that crime. *See United States v. Olguin*, 643 F.3d 384, 399-400 (5th Cir. 2011).

While the Government's forfeiture motions incorrectly referenced the plea agreement, the district court confirmed that there was no plea agreement at the sentencing hearing, indicating that the court did not rely on

No. 24-40175

the unexecuted plea agreement to determine that forfeiture was appropriate. Further, the evidence in the record supports the criminal forfeiture of $12,500, representing the amount of proceeds obtained as a result of Lizcano's participation in the conspiracy. *See Olguin*, 643 F.3d at 399-400. Therefore, Lizcano has not shown plain error. *See Omigie*, 977 F.3d at 403.

AFFIRMED.