# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 17, 2015       Decided December 22, 2015

No. 14-5169

ANTENEH ABTEW,
APPELLANT

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-01566)

*David L. Cleveland* argued the cause and filed the briefs for appellant.

*Peter R. Maier*, Special Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Vincent H. Cohen Jr.*, Acting U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney. *Fred E. Haynes*, Assistant U.S. Attorney, entered an appearance.

Before: ROGERS, BROWN, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Foreign citizens who are unlawfully in the United States may be subject to removal. But those who fear persecution if they return to their home countries may seek asylum in the United States. Under American immigration law, those foreign citizens have two opportunities to press their case for asylum. First, they may petition the Department of Homeland Security to grant asylum. Second, if that fails, they may bring their case before an administrative immigration court.

In 2012, Anteneh Abtew, a citizen of Ethiopia, was in the United States unlawfully. He feared persecution if he returned to Ethiopia, and he therefore applied for asylum in the United States. He alleged that he had suffered torture at the hands of the Ethiopian government and would be abused again if he returned. The Department of Homeland Security did not grant asylum to Abtew. He appealed, and his case is now before an immigration court.

While his case was pending in the immigration court, Abtew filed a FOIA request for the Department's "Assessment to Refer" regarding his asylum application. An Assessment to Refer is a short document prepared by a Department official after interviewing an asylum applicant. The Assessment summarizes the asylum interview and assesses the applicant's credibility and consistency. It also recommends whether to grant asylum. The Department official who wrote the Assessment to Refer then forwards it to a supervisor, who in turn decides whether to grant asylum.

The Department of Homeland Security concluded that its Assessment to Refer regarding Abtew was exempt from FOIA

under the deliberative process privilege encompassed within FOIA Exemption 5. Abtew then sued in the U.S. District Court. As relevant here, the District Court agreed with the Department of Homeland Security and ruled that the Assessment to Refer was exempt from disclosure under Exemption 5. We likewise agree. Our standard of review is de novo, and we affirm the judgment of the District Court.

* * *

FOIA Exemption 5 exempts from public disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 incorporates the privileges that the Government may claim when litigating against a private party, including the governmental attorney-client and attorney work product privileges, the presidential communications privilege, the state secrets privilege, and the deliberative process privilege. *See Baker & Hostetler LLP v. Department of Commerce*, 473 F.3d 312, 321 (D.C. Cir. 2006).

Here, the Department asserts the deliberative process privilege. This "privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Department of the Interior v. Klamath Water Users Protective Association*, 532 U.S. 1, 8-9 (2001). The privilege serves to preserve the "open and frank discussion" necessary for effective agency decisionmaking. *Id.* at 9. The privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (internal quotation marks omitted). As we have

stated, officials "should be judged by what they decided, not for matters they considered before making up their minds." *Russell v. Department of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982) (brackets omitted).

To qualify for the deliberative process privilege, an intra-agency memorandum must be both pre-decisional and deliberative. *See Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). "A document is 'predecisional' if it precedes, in temporal sequence, the 'decision' to which it relates." *Senate of the Commonwealth of Puerto Rico v. Department of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987); *see also Coastal States*, 617 F.2d at 866 (pre-decisional documents are "generated *before* the adoption of an agency policy"). And a document is deliberative if it is "a part of the agency give-and-take – of the deliberative process – by which the decision itself is made." *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975); *see also Coastal States*, 617 F.2d at 866.

In Abtew's case, the Assessment to Refer was both pre-decisional and deliberative. The Assessment was pre-decisional; it was merely a recommendation to a supervisor. The supervisor, not the official writing the Assessment, made the final decision. The Assessment was also deliberative; it was written as part of the process by which the supervisor came to that final decision. The Assessment itself had no "operative effect." *Sears*, 421 U.S. at 160.

Abtew offers four primary objections to that straightforward analysis.

*First*, Abtew argues that even if the Assessment had been pre-decisional at one time, the Department's supervisor adopted it as the "final decision." That is incorrect. The

Department publicly explained its final decision through a Referral Notice. That Referral Notice represented the final decision. The Notice did not mention the Assessment at all.

Abtew responds that the supervisor who made the final decision initialed the Assessment to Refer. But initialing alone does not transform the Assessment into the Department's final decision. To be sure, an agency may forfeit Exemption 5's protection if it "chooses *expressly* to adopt or incorporate by reference an intra-agency memorandum previously covered by Exemption 5 in what would otherwise be a final opinion." *Sears*, 421 U.S. at 161; *see also Afshar v. Department of State*, 702 F.2d 1125, 1143 n.22 (D.C. Cir. 1983). Initialing a memo may suggest approval of the memo's bottom-line recommendation, but it would be wrong and misleading to think that initialing necessarily indicates adoption or approval of all of the memo's reasoning. *See Afshar*, 702 F.2d at 1143 n.22; *see also Coastal States*, 617 F.2d at 866 (deliberative process privilege is designed "to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action"). Neither the Supreme Court nor any court of appeals has held that initialing alone renders an otherwise exempt document non-exempt.[1]

*Second*, Abtew contends that the Assessment to Refer is not deliberative. In particular, he claims that there was no give-and-take in the agency's process. But the interviewing

---

[1] Of course, we do not rule out the possibility that initialing a memo together with other circumstances might indicate agency adoption of that memo in some cases. But Abtew has not presented evidence to support that conclusion here.

officer wrote the Assessment as a recommendation to a supervisor. A recommendation to a supervisor on a matter pending before the supervisor is a classic example of a deliberative document. *See American Federation of Government Employees, Local 2782 v. Department of Commerce*, 907 F.2d 203, 208 (D.C. Cir. 1990); *see also Vaughn*, 523 F.2d at 1144.

*Third*, Abtew asserts that the Department of Homeland Security is judicially estopped from invoking Exemption 5. Abtew maintains that the Department is estopped because it has not always invoked the deliberative process privilege for other Assessments. But the rule of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Here, Abtew is citing other litigation with other parties, not a past phase of this case. Put simply, an agency does not forfeit a FOIA exemption simply by releasing similar documents in other contexts. *See Army Times Publishing Co. v. Department of the Air Force*, 998 F.2d 1067, 1071 (D.C. Cir. 1993). Indeed, that kind of forfeiture rule would encourage agencies to voluntarily release *fewer* documents, a result in tension with FOIA's broad purposes.

*Fourth*, apart from his FOIA claim, Abtew has sought access to his Assessment to Refer under the procedural rules that govern removal proceedings before the immigration court. *See* 8 U.S.C. § 1229a. Those rules afford aliens "a reasonable opportunity to examine the evidence against the alien." *Id.* § 1229a(b)(4)(B). Abtew argues that he is entitled to a "reasonable opportunity to examine" the Assessment because it may constitute "evidence against" him in the pending immigration proceeding. But this is not the time and

place to raise such a claim. The rules that Abtew invokes are rules governing proceedings before the immigration court. The immigration court has not yet held its hearing on the merits of Abtew's asylum claim. It is not even clear at this point whether or how the Assessment might be used in that court. In any event, if Abtew seeks the Assessment in that proceeding and does not receive it in a timely fashion, he may appeal that decision in the ordinary course. *See generally* 8 U.S.C. § 1252. We take no position here on Abtew's right to obtain the Assessment to Refer in that proceeding.

\* \* \*

We affirm the judgment of the District Court.

*So ordered.*