Kathryn SACK, Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE, Appellee.

No. 15-5341
September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed On: June 7, 2016

Kelly Brian McClanahan, Esquire, National Security Counselors, Rockville, MD, for Plaintiff–Appellant.

Jeremy Scott Simon, R. Craig Lawrence, U.S. Attorney's Office (USA), Civil Division, Washington, DC, for Defendant–Appellee.

BEFORE: Rogers, Griffith, and Kavanaugh, Circuit Judges

### ORDER

Per Curiam

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion be granted in part and denied in part. The merits of the parties' positions as to whether this case is related to Sack v. CIA, No. 12-cv-244 (D.D.C.), the adequacy of appellee's search, and appellee's withholding of infor-

kins did not participate in this matter.

mation pursuant to Freedom of Information Act ("FOIA") Exemptions 5 and 7(E) are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

The district court properly determined that this case is not related to Sack v. CIA, No. 12-cv-244 (D.D.C.). Appellant waived the issue whether appellant should have searched additional locations for responsive records because the district court was entitled to rely on appellant's admission that she was basically satisfied with appellee's search. Moreover, appellee properly relied on FOIA Exemption 5 to withhold under the deliberative process privilege a paragraph containing a recommendation to the Director of the Federal Bureau of Investigation's office as to the feasibility of hiring non-agents as polygraph examiners. This recommendation was predecisional, as it was not adopted, and deliberative, as it was "intended to facilitate or assist development of the agency's final position on the relevant issue." Nat'l Sec. Archive v. CIA, 752 F.3d 460, 463 (D.C. Cir. 2014); see Abtew v. DHS, 808 F.3d 895, 898 (D.C. Cir. 2015) (A document qualifies for the deliberative process privilege if it is both pre-decisional and deliberative.). Finally, appellee properly relied on FOIA Exemption 7(E) to withhold information on the training areas for polygraph examiners, as revealing this information "could render [polygraph] procedures vulnerable and weaken their effectiveness" as a law enforcement tool. Morley v. CIA, 508 F.3d 1108, 1129 (D.C. Cir. 2007); see also Sack v. Dep't of Defense, No. 14-5039, slip op. at 13-16, 823 F.3d 687, 693-95, 2016 WL 2941942 (D.C. Cir. May 20, 2016).

Summary affirmance is denied as to whether appellee correctly withheld documents relating to the selection process for polygraph examiners pursuant to FOIA Exemption 2.

Because the court has determined that summary disposition is not in order with respect to one issue, the Clerk is instructed to calendar this case for presentation to a merits panel.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until resolution of the remainder of the appeal.