Robert SCHAEFER and Sandra Schaefer
et al., Plaintiffs-Appellants,

v.

FIRST NATIONAL BANK OF LINCOLN-
WOOD et al., Defendants-Appellees.

No. 72–1146.

United States Court of Appeals,
Seventh Circuit.

July 7, 1972.

Lawrence Walner, S. John Templeton, Jeffrey Schulman, Harris G. Nagorsky, Chicago, Ill., for plaintiffs-appellants.

Edward J. Wendrow, Douglas C. Moir, James E. S. Baker, Richard K. Decker, Joseph E. Coughlin, Robert Dunn Glick, Narcisse A. Brown, Howard L. Fink, Charles T. Martin, Chicago, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, and KILEY and FAIRCHILD Circuit Judges.

PER CURIAM.

This matter is before the court on certain defendants' motion to dismiss an appeal from an order entered by the district court on July 28, 1970, 326 F.Supp. 1186, which dismissed Robert and Sandra Schaefer as plaintiffs in a class action against multiple defendants and which also dismissed one count of a three-count complaint. The Schaefers and the other members of the plaintiff class separately appealed the order of July 28, 1970 on a previous occasion without first obtaining from the district court the requisite "express determination that there is no just reason for delay and . . . an express direction for the entry of judgment." Fed.R.Civ. P. 54(b). Certain of the defendants-appellees in those appeals moved in this court that the appeals be dismissed on the ground that the order appealed from was interlocutory absent compliance with Fed.R.Civ.P. 54(b) and also on the grounds that the plaintiffs-appellants had not complied with Rules 30(a) and 10(a), Fed.R.App.P. We granted the motion to dismiss the appeal on December 9, 1970, and the cause was returned to the trial court. The plaintiffs, however, made no attempt to obtain an order pursuant to Rule 54(b) from the district judge until March 3, 1971, when they filed a motion in the trial court requesting the entry of such an order. The motion lay fallow through a change in judges, which took place on May 21, 1971, until December 21, 1971. On that date, the trial court entered its order in accordance with plaintiffs' Rule 54(b) motion. We reverse the determination of the district court pursuant to Rule 54(b) and dismiss the appeal.

There is no question that this court may review the propriety of the granting by the district court of the plaintiffs' motion for a Rule 54(b) determination. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). As the Third Circuit aptly said in Panichella v. Pennsylvania R.R., 252 F.2d 452, 455 (3d Cir. 1958):

> [O]rdinarily an application for a 54(b) order requires the trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize "the exercise of a discretionary power to afford a remedy in the infrequent harsh case * * *." 28 U.S.C.A., Federal Rules of Civil Procedure, 118-119 note. It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only "in the infrequent harsh case" as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of public policy indicated by statute and rule.

We note that the plaintiffs here did not act to obtain a Rule 54(b) order from the district court until nearly three months after the dismissal of their previous appeal for their failure to have previously obtained such an order. Moreover, when the district court issued the Rule 54(b) order slightly more than a year had passed since our dismissal of the previous appeal. We believe that the lack of diligence on the part of the plaintiffs in seeking the Rule 54(b) order they eventually obtained, together with the passage of such a substantial expanse of time between our dismissal and the district court's order, is suffi-

cient, without more, to warrant our dismissal of the present appeal. We reach that conclusion on two grounds. First, a determination by the district court made more than a year after the entry of an otherwise interlocutory order that there was "no just reason for delay" of its appeal would require a substantial factual basis as justification therefor. We can find no substantial factual basis here, and the district court's order states none. More importantly, however, we believe that validating the district court's Rule 54(b) determination here would derogate from the policy against piecemeal appeals while, at the same time and for no apparent good reason, placing Rule 54(b) appeals on a potentially more favorable procedural footing than obtains in appeals as of right from final judgments where no Rule 54(b) problem inheres.

■ Rule 4(a), Fed.R.App.P., provides that in civil cases where the United States or an officer or agency thereof is not a party a notice of appeal must be filed within thirty days of the date of the entry of the judgment or order from which appeal is taken. It further provides that certain motions, not including motions for a Rule 54(b) order, toll the running of that period during their pendency. It also authorizes the district court "upon a showing of excusable neglect" to extend the period within which a notice of appeal must be filed not more than thirty days beyond the deadline which would otherwise obtain. Untimely filing of a notice of appeal deprives the appellate courts of jurisdiction of an appeal. United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *see* Dickinson v. Petroleum Conv. Corp., 338 U.S. 507, 516, 70 S.Ct. 322, 94 L.Ed. 299 (1950).

■ It is clear, therefore, that a disappointed party must seek his appeal within sixty days at most after the entry of an order where all the claims of all the parties have been adjudicated or forever lose his right to appeal regardless of the meritoriousness of his excuse for his inaction, except where the running of the limitation period is tolled by the pendency of the motions enumerated in Rule 4(a). Treating the period that they proceeded with their erroneously lodged previous appeal as having held the finality of the July 28, 1970 order in abeyance, the plaintiffs here should have been on notice after December 9, 1970 when we dismissed the appeal that they must act promptly to perfect an appeal prior to ultimate judgment if they still desired to do so. However, they delayed in excess of sixty days after our dismissal before acting further. The potential for abuse inherent in condoning such delay would be great. With those considerations in mind, we believe that to allow plaintiffs to proceed with this appeal, having dilatorily sought a Rule 54(b) determination without any excuse for the delay, would be to erect an unnecessary disparity between timeliness requirements for appeals before and appeals after the ultimate termination of a lawsuit in the trial court. We hold, therefore, that as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates. There may be of course cases of extreme hardship where dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice. Those occasions ought, however, to be extremely rare.

The order of the dstrict court pursuant to Rule 54(b) is reversed and the appeal is dismissed.