UNITED STATES of America, Plaintiff,

v.

William E. SMITH and the William E. Smith Trust, Defendants.

Beverly K. Smith, Third–Party Plaintiff,

v.

United States of America, Third Party Defendant.

No. 3:94–CV–188RM.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 20, 1999.

Clifford D. Johnson, United States Attorney's Office, South Bend, IN, Douglas W. Snoeyenbos, U.S. Department of Justice, Washington, DC, for United States of America, plaintiff.

Thomas S. Botkin, Ralph A. Caruso, II, Botkin and Leone, South Bend, IN, for William E. Smith, defendant.

Jeffrey A. Dickstein, Tulsa, OK, for William E. Smith Trust.

Thomas S. Botkin, Ralph A. Caruso, II, Botkin and Leone, South Bend, IN, for Beverly K. Smith, third-party plaintiff.

Douglas W. Snoeyenbos, U.S. Department of Justice, Washington, DC, for United States of America, third-party defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

The United States seeks entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). In a previous order, the court granted partial summary judgment on the United States' claims pertaining to William E. Smith's federal income tax liability for the years 1983 through 1986. More than 60 days later, on December 18, 1997, the United States served interrogatories and Requests for Production pursuant to Federal Rule of Civil Procedure 69. Mr. Smith moved to quash. In its response to Mr. Smith's motion to quash, the United States filed a contingent request for a Rule 54(b) order. The court granted Mr. Smith's motion on August 3, 1998, finding proceedings under Rule 69 premature, but did not address the Rule 54(b) request. On October 8, 1998, the United States renewed its request that the court enter final judgment on its claims against Mr. Smith as to the 1983–1986 tax liability.

■ Rule 54(b) states, in part, that, "When more than one claim for relief is presented in an action, ... the court may direct the entry of final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment." Although Rule 54(b) states no time limit in which to request a final judgment, it is "an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates." *Schaefer v. First National Bank of Lincolnwood,* 465 F.2d 234, 236 (7th Cir. 1972). Cases of "extreme hardship" may abrogate the application of this general rule when the delay of the filing is not due to neglect or carelessness. *Id.*

The United States argues that *Schaefer* is no longer a valid statement of the law in light of *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) and *Bank of Lincolnwood v. Federal Leasing, Inc.,* 622 F.2d 944 (7th Cir.1980), but those cases address the court's discretion once a timely Rule 54(b) request has been filed, not the time in which the request must be filed.

■ The United States first requested a Rule 54(b) order on July 17, 1998, more than nine months after the partial summary judgment order to which this Rule 54(b) motion relates.[1] The United States cites no extreme hardship to justify so late a filing. Accordingly, the court

(1) GRANTS the defendant's Motion for Leave to File Sur-reply Brief [Docket # 212];

(2) GRANTS the defendant's Motion to File Belated Reply [Docket # 217];

(3) DENIES the United States's Contingent Motion for Direction of Entry of Final Partial Judgment Pursuant to Rule 54(b) [Docket # 208]; and

(4) DENIES AS MOOT the United States' Renewed Motion Entry of Final

---

1. Had the United States filed its Rule 54(b) request concurrently with its Rule 69 discovery requests, it still would have been outside the timeliness standard set by the Seventh Circuit.

Judgment Pursuant to Rule 54(b) [Docket # 215].

SO ORDERED.