In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 15-1302

RAYMOND E. KING,

*Plaintiff-Appellant,*

*v.*

STEVEN M. NEWBOLD, *et al.,*

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 CV 1184 — **Sidney I. Schenkier**, *Magistrate Judge.*

———————————

ARGUED DECEMBER 6, 2016 — DECIDED JANUARY 12, 2017

———————————

Before WOOD, *Chief Judge*, ROVNER and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge.* A defect in appellate jurisdiction prevents us from reaching the merits of this appeal. The threshold jurisdictional question is simple: Did the district court abuse its discretion in granting an untimely motion for a Rule 54(b) judgment? Our precedent is clear: An untimely Rule 54(b) motion may be granted only if there is a showing of extreme hardship. Because there was no showing of

hardship—let alone extreme hardship—we dismiss the appeal for lack of appellate jurisdiction.

## I. Background

Raymond King, an Illinois prisoner, suffers from a severe case of temporomandibular joint dysfunction. Since 2004 he has been confined at two different correctional facilities. He receives some medical care for his condition from healthcare personnel employed directly by the State of Illinois; the rest is overseen by employees of Wexford Health Sources, Inc., a private correctional healthcare company under contract with Illinois. After years of failed treatment for his condition, a complex surgery, and an unsuccessful postsurgical recovery, King sued Wexford and multiple medical professionals alleging that they were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment.

The defendants moved for summary judgment. On December 16, 2013, a magistrate judge granted the motion in part. Later, one defendant moved for judgment on the pleadings on the remaining claims against him. The judge granted this motion on December 5, 2014. The combined effect of these two orders was to significantly narrow the case; claims against two doctors remain.

On January 15, 2015, more than 30 days after the order granting judgment on the pleadings and more than a year after the partial summary judgment, King made an oral motion at a status conference for entry of a Rule 54(b) judgment on the claims for which summary judgment and judgment on the pleadings were granted. The judge granted the motion, setting up this appeal.

**II. Discussion**

The federal appellate courts have jurisdiction over "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Orders resolving fewer than all claims are not final for purposes of appeal. *General Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011). Rule 54(b) of the Federal Rules of Civil Procedure provides an exception. It allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," but only if "there is no just reason for delay." FED. R. CIV. P. 54(b). If a Rule 54(b) motion is improperly granted, the appellate court lacks jurisdiction and must dismiss the appeal. *See Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 595 (7th Cir. 1990) ("We accordingly vacate the Rule 54(b) judgment and dismiss the appeal for want of jurisdiction.").

A Rule 54(b) motion requires the district court to examine questions of finality and readiness for appeal. That is, the court must first determine whether the order in question is truly final as to one or more claims or parties; if it is, the court must consider whether there is any good reason to delay entry of final judgment until the entire case is finished. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980) (requiring a district court to determine that it is dealing with a final judgment and that there is no just reason for delay).

Long ago we added a timeliness requirement as a hedge against dilatory Rule 54(b) motions. *Schaefer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972). We held in *Schaefer* that "as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates." *Id*. We recog-

nized that "[t]here may be of course cases of extreme hardship where dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice." *Id.* But "[t]hose occasions," we said, "ought … to be extremely rare." *Id.*

Here, King's Rule 54(b) motion was made 13 months after partial summary judgment was granted and more than 30 days after the entry of partial judgment on the pleadings. Because the motion was seriously tardy, King needed to show hardship. He has not done so; nor has he given any good reason for the delay. Applying *Schaefer*, the appeal must be dismissed for lack of appellate jurisdiction.

DISMISSED.