In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 20-2238

NIKI DASILVA, *et al.*,

*Plaintiffs-Appellants*,

*v.*

STATE OF INDIANA,

*Defendant-Appellee*.

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:19-cv-02453-JMS-DLP — **Jane Magnus-Stinson**, *Judge*.

———————————

ARGUED DECEMBER 2, 2021 — DECIDED APRIL 6, 2022

———————————

Before FLAUM, EASTERBROOK, and KIRSCH, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Legislators, lobbyists, and members of the legislative staff in Indiana regularly enjoy a party on the day the legislature adjourns for the year. In March 2018 that "Sine Die Celebration" was held at AJ's Lounge in Indianapolis. Attendees were unpleasantly surprised when Curtis T. Hill, Jr., the state's Attorney General, appeared at the party and made passes at several of the women. As the evening lengthened Hill progressed from

verbal to physical harassment, including groping. A special prosecutor concluded that criminal charges would be inappropriate, but the Supreme Court of Indiana unanimously found by clear and convincing evidence that Hill had committed criminal battery and behaved unethically. It suspended Hill's law license for 30 days, a punishment mitigated by his long and previously unblemished record of public service. *In re Hill*, 144 N.E. 3d 184 (2020). His bid for renomination failed, and his term as Attorney General ended in January 2021.

Four women, all employed by the state's House or Senate, filed this suit under Title VII of the Civil Rights Act of 1964 and several other statutes, as well as Indiana's common law. The defendants were Hill and the State of Indiana. The House and Senate intervened as additional defendants, contending that they rather than the state should be treated as the plaintiffs' employers. The district judge dismissed all claims against Hill without prejudice to their renewal in state court. 2020 U.S. Dist. LEXIS 101481 (S.D. Ind. June 9, 2020). The court also dismissed all claims against Indiana, ruling that it is not plaintiffs' employer. 2020 U.S. Dist. LEXIS 35257 (S.D. Ind. Mar. 2, 2020). At plaintiffs' request, the judge entered a partial final judgment in Indiana's favor under Fed. R. Civ. P. 54(b), permitting plaintiffs to take an immediate appeal. 2020 U.S. Dist. LEXIS 101482 (S.D. Ind. June 9, 2020). Claims against the House and Senate remain pending in the district court.

Plaintiffs' appeal presents a single, entirely legal, question: whether Indiana should be treated as their "employer" for the purpose of 42 U.S.C. §§ 2000e(b) and 2000e–2(a). Before we can reach that question, however, we must consider the state's contention that we lack appellate jurisdiction because

plaintiffs waited too long before asking the district court to enter a Rule 54(b) judgment.

The district court dismissed the claims against Indiana on March 2, 2020, and plaintiffs requested a Rule 54(b) judgment 39 days later, on April 10. That creates problems under *Schaefer v. First National Bank of Lincolnwood*, 465 F.2d 234 (7th Cir. 1972), and *King v. Newbold*, 845 F.3d 866 (7th Cir. 2017), both of which hold that litigants have only 30 days to make such requests. Plaintiffs reply that 39 days is not *much* longer than 30—and that the declaration of a pandemic in mid-March 2020 complicated the practice of law. Still, if a 30-day limit is jurisdictional, there's no way around it. Both *Schaefer* and *King* dismissed the appeals for want of appellate jurisdiction; evidently they saw a jurisdictional problem.

A few months after *King*, however, the Supreme Court held that time limits in the federal rules are not jurisdictional but instead are case-processing rules, which must be enforced if properly invoked but may be waived or forfeited. See *Hamer v. Neighborhood Housing Services*, 138 S. Ct. 13 (2017). We held on remand in *Hamer* that rule-based time limitations for appeals are "properly" invoked only if asserted in the litigants' appellate docketing statements. *Hamer v. Neighborhood Services*, 897 F.3d 835 (7th Cir. 2018). Litigants who wait until the briefs have been filed squander any opportunity to end the appellate proceedings swiftly, and they waste the time and money needed to prepare briefs. Indiana did not invoke *Schaefer* and *King* until its brief on the merits, which is too late. By then, plaintiffs had filed their own brief and devoted substantial resources to the appeal. Indiana did not mention *Schaefer* or *King* in the district court at all, though the judge

might well have denied the request for a Rule 54(b) judgment had these decisions been brought to her attention.

More than that: *Schaefer* and *King* are questionable if cast as rules setting an outer bound on the time to make motions in a district court. The Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure are chock full of time limits. Yet Civil Rule 54(b) does not contain one, nor does Civil Rule 6(b)(2). Appellate Rule 4 teems with time limits for filing notices and other papers, but it does not mention appeals under Civil Rule 54(b). Appellate Rule 5(a)(2) says that a petition for permission to appeal must be filed within the time set by the statute or rule allowing such appeals—or, if the statute or rule does not set a limit, within the time allowed by Appellate Rule 4(a) for a notice of appeal. That limit does not apply, because Rule 5 deals with requests for permission by a court of appeals. A motion in a district court seeking a Rule 54(b) judgment is not one requesting "permission" to appeal; it is one requesting the entry of a (partial) final judgment, which if entered is appealable as of right on the normal schedule. Plaintiffs met that deadline, once the district court entered its judgment.

*Schaefer* and *King* derived a 30-day maximum from the language of Rule 54(b) requiring the district court to certify that "there is no just reason for delay" in appealing. When the party seeking to appeal takes too much time to request a Rule 54(b) judgment, that creates delay and undermines the function of a partial final judgment. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956), holds that a Rule 54(b) judgment may be set aside if the district court abused its discretion by entering it. What *Schaefer* and *King* add is that delay by the would-be appellant can translate to abuse of discretion by the district

court, if the upshot is to negate the required finding of "no just reason for delay".

Doubtless delay by a litigant can undermine the proper function of a Rule 54(b) judgment. The problem is seeing a bright-line rule, such as "request the judgment within 30 days," in an abuse-of-discretion standard. Bright-line rules and abuse-of-discretion standards are almost opposites in legal practice. See, e.g., *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380 (1993). Consider two situations. In the first, a decision is announced on date t, a litigant asks for a Rule 54(b) judgment on date t + 10, and the district judge enters that judgment on date t + 100. In the second, a decision is announced on date t, a litigant asks for a Rule 54(b) judgment on date t + 31, and the district judge enters that judgment on date t + 32. What sense could it make to say that the second is forbidden while the first is not, even though the first entails substantially longer delay? If there is to be an outer limit marking an abuse of discretion, that should reflect the total time between decision and Rule 54(b) judgment, not how much of that time can be laid at one party's doorstep.

Given Indiana's tardiness in drawing our attention to plaintiffs' delay, we need not decide today whether the 30-day line from *Schaefer* and *King* should be abrogated. With that, we can pass to the merits.

The district court dismissed plaintiffs' Title VII claim against Indiana because it is not their employer. It is *an* employer, surely, because it has employees covered by the law. But it is not *plaintiffs'* employer. They were hired, and are supervised, by the House or Senate, which holds the sole power to discipline, fire, or reward them. "In suits against state entities, that term ["employer"] is understood to mean the

particular agency or part of the state apparatus that has actual hiring and firing responsibility." *Hearne v. Chicago Board of Education*, 185 F.3d 770, 777 (7th Cir. 1999); see also *Holman v. Indiana*, 211 F.3d 399, 401 n.1 (7th Cir. 2000). Cf. *Tibbs v. Admin. Office of the Illinois Courts*, 860 F.3d 502, 507–08 (7th Cir. 2017) (declining to revisit this issue).

In a suit arising from federal employment, this agency-specific definition of the appropriate defendant is baked into the statute. 42 U.S.C. §2000e–16(c). In suits arising from state or local governmental employment, the agency-specific approach has been derived judicially—not only to promote parallel treatment but also to ensure that the defendant is one that can supply a remedy, such as reinstatement or back pay. The State of Indiana as a whole could not oblige the House or Senate to reinstate or raise the salary of any legislative aide. That power belongs to the legislature. The State of Indiana as an entity, by contrast, is managed by the Governor and represented in court by the Attorney General, neither of whom has any control over legislative decisions.

It is possible to find a few opinions in which courts of appeals have assumed that a state, rather than a state agency, is the appropriate defendant in Title VII litigation. See *Helm v. Kansas*, 656 F.3d 1277 (10th Cir. 2011); cf. *Association of Mexican-American Educators v. California*, 231 F.3d 572 (9th Cir. 2000) (en banc) (finding a state to be a proper defendant on an interference theory). But all of the decisions that have tackled the matter directly have agreed with *Hearne* and *Holman* that the entity with hiring and firing authority is the right defendant. See *Lopez v. Massachusetts*, 588 F.3d 69 (1st Cir. 2009) (expressly disagreeing with the Ninth Circuit); *Gulino v. New York State Education Department*, 460 F.3d 361 (2d Cir. 2006);

*Sutherland v. Michigan Department of Treasury*, 344 F.3d 603 (6th Cir. 2003).

Plaintiffs protest that the House and Senate are not the Attorney General's employer and can't control him—but the statute requires people to sue their own employers, not someone else's. Many decisions say that an employer can be liable for failing to protect employees from discrimination by third parties, such as customers, even when the employer cannot directly control those third parties. See, e.g., *Dunn v. Washington County Hospital*, 429 F.3d 689 (7th Cir. 2005); *Wells v. Winnebago County*, 820 F.3d 864 (7th Cir. 2016). As it happens, the House and Senate had some potential control. The senior legislative officer at the party could have ejected Hill, an interloper. And the legislature holds the impeachment power, which could oust an Attorney General from office.

The Governor of Indiana does not possess any kind of control over an Attorney General; in Indiana, as in many other states, the Attorney General is directly elected and is not answerable to the Governor. Cf. *Cameron v. EMW Women's Surgical Center, P.S.C.*, 142 S. Ct. 1002 (2022). The Supreme Court of Indiana has, and used, some indirect control by suspending Hill's law license, but no one thinks that this makes the Supreme Court either plaintiffs' employer or Hill's employer, or otherwise would justify naming the state's judicial branch as a defendant. No, the right defendants under Title VII are the plaintiffs' employers, here the House and Senate, which may be found liable for failing to use the mechanisms at their disposal for the protection of their employees.

Plaintiffs seem sure that the House and Senate will not do anything to protect or compensate them. Maybe, maybe not. And perhaps only Hill is responsible for his conduct, which

occurred at a party after working hours. But if the House and Senate seek exculpation, courts can resolve their defenses. That an employer may deny liability or otherwise prove recalcitrant is a reason to obtain the court's aid, not a reason to sue someone else's employer instead.

*Hearne* and *Holman* control this issue, and we are not disposed to change course given the support these decisions have received in other circuits. The district court was right to dismiss the Title VII claim against the State of Indiana.

AFFIRMED